IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| JAMES EDWARD McINVALE, JR., ) <br> AIS 285728, ) <br> ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> JIMMY THOMAS, et al., ) <br> ) <br>     Respondents. ) | Case No. 3:20-cv-726-MHT-CWB <br> (WO) |

### RECOMMENDATION OF THE MAGISTRATE JUDGE

James Edward McInvale, Jr., an Alabama inmate, has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 wherein he challenges his convictions for aggravated child abuse and domestic violence in the second degree. (Doc. 1).[1] For the reasons discussed below, the undersigned Magistrate Judge recommends that McInvale's petition be dismissed as time-barred. *See* 28 U.S.C. § 2244(d).

**I.    Background**

    **A.    State Court Proceedings**

        **1.    Conviction and Direct Appeal**

On June 14, 2016, a jury in Tallapoosa County, Alabama found McInvale guilty of aggravated child abuse in violation of Ala. Code § 26-15-3.1(a)(3) and domestic violence in the second degree in violation of Ala. Code § 13A-6-131. (Doc. 11-3 at pp. 121-22). On June 27, 2016, the trial court sentenced McInvale to 240 months in prison for the child abuse conviction and to

---

[1] References to documents filed in this case are designated as "Doc." Pinpoint citations refer to page numbers affixed electronically by the CM/ECF filing system and may not correspond to pagination on the copies as submitted for filing.

1

120 months in prison for the domestic violence conviction—ordering the sentences to run consecutively. (Doc. 11-3 at p. 126).

McInvale appealed on the basis that his convictions violated double-jeopardy principles and that one of the convictions thus should be set aside. (Doc. 11-4). The Alabama Court of Criminal Appeals disagreed and issued a memorandum opinion on March 17, 2017 affirming McInvale's convictions and sentence. (Doc. 11-6).[2] McInvale did not apply for rehearing or petition the Alabama Supreme Court for certiorari review. On May 23, 2017, the Alabama Court of Criminal Appeals issued its certificate of judgment. (Doc. 11-7).

### 2. First Rule 32 Petition

While his direct appeal was pending, McInvale filed a *pro se* petition in the trial court on April 25, 2017 seeking relief under Rule 32 of the Alabama Rules of Criminal Procedure.[3] (Doc. 11-14 at p. 7). In the Rule 32 petition, McInvale argued that his convictions violated double-jeopardy principles and that his consecutive sentences exceeded the maximum authorized by law; additionally, he argued that his grand and petit juries were unconstitutionally selected. (Doc. 11-14 at pp. 9-15). On July 21, 2017, the trial court entered an order summarily denying McInvale's Rule 32 petition. (Doc. 11-15). McInvale appealed, and the Alabama Court of Criminal Appeals dismissed the appeal on December 28, 2017 based on McInvale's failure to file an appellate brief. (Doc. 11-16). A certificate of judgment was issued on the same date. (Doc. 11-17).

---

[2] The undersigned notes that there was a dissenting opinion in the case. (Doc. 11-5).

[3] As it does with McInvale's § 2254 petition, the court applies the prison mailbox rule to determine the filing date for McInvale's Rule 32 petitions. *See Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 93 F.2d 776, 780 (11th Cir. 1993).

### 3.     Second Rule 32 Petition

On August 30, 2018, McInvale filed a second *pro se* Rule 32 petition in which he again argued that his convictions violated double-jeopardy principles. (Doc. 11-8 at p. 10). That petition was denied by order of the trial court entered December 18, 2018. (Doc. 11-8 at p. 62). McInvale appealed, and the Alabama Court of Criminal Appeals issued a memorandum opinion on May 17, 2019 affirming the denial on grounds that McInvale's double-jeopardy claim was successive under Ala. R. Crim. P. 32.2(b) and had been litigated and denied in his direct appeal. (Doc. 11-12). McInvale did not file a timely application for rehearing, and the Alabama Court of Criminal Appeals issued a certificate of judgment on June 5, 2019. (Doc. 17-1).

On June 10, 2019, McInvale filed a motion with the Alabama Court of Criminal Appeals seeking an extension of time to apply for rehearing because, according to McInvale, prison officials confiscated his legal papers ("transcripts, briefs, etc.") as part of a "statewide institutional shakedown" and thereby prevented him from preparing a timely application for rehearing. (Doc. 17-5 at p. 1). The Alabama Court of Criminal Appeals granted McInvale's request for an extension, recalled its June 5, 2019 certificate of judgment, and ordered McInvale to file any application for rehearing by July 8, 2019. (Docs. 17-2, 17-5). That date passed without action from McInvale, and the Alabama Court of Criminal Appeals issued a new certificate of judgment on August 5, 2019. (Doc. 11-13).

Nearly a month later, on September 3, 2019, McInvale filed a motion requesting a second extension of time to apply for rehearing. (Doc. 17-6). McInvale asserted that "some of [his] legal materials" had been returned to him and that he could "start back working on [his] case and file [his] rehearing." (Doc. 17-6 at p. 1). This time, however, the Alabama Court of Criminal Appeals

denied the request, notifying McInvale that "the motion for an extension of time is stricken because the certificate of judgment issued on August 5, 2019." (Doc. 17-7 at p. 1).

  **B.**  **McInvale's § 2254 Petition**

McInvale filed his § 2254 petition on July 29, 2020.[4] (Doc. 1). As he did in state court, McInvale asserts: (1) that his convictions and sentence for aggravated child abuse and domestic violence in the second degree violate his protections against double jeopardy; and (2) that his consecutive sentences exceed the maximum authorized by law. (Doc. 1 at pp. 5-7; Doc. 1-1 at pp. 1-2). Respondents in turn assert that McInvale's petition is time-barred. (Doc. 11).

**II.**  **Discussion**

  **A.**  **AEDPA's Statute of Limitations**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") contains the following limitation period for federal habeas petitions:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[4] McInvale's petition was date-stamped as received by the court on September 10, 2020, but he avers that he placed the petition in the prison mailing system on July 29, 2020. (Doc. 1 at pp. 1, 15). Nothing in the record explains the date discrepancy, but the prison mailbox rule has been applied by the court so as to recognize the earlier date as the filing date.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### 1. Computation of Timeliness: 28 U.S.C. § 2244(d)(1)(A)

In the typical case, a § 2254 petition must be filed within a year after the underlying judgment becomes final either by conclusion of direct review or expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A); *Pugh v. Smith*, 465 F.3d 1295, 1298 (11th Cir. 2006). Where a petitioner appeals his Alabama conviction but does seek certiorari review in the Alabama Supreme Court, his conviction is final when the time to seek such review expires. *Kister v. Jones*, 2021 WL 5411213, at *3 (N.D. Ala. Oct. 26, 2021) (citing *Gonzalez v. Thaler*, 565 U.S. 134, 137, 150 (2012)).

The Alabama Court of Criminal Appeals affirmed McInvale's conviction on March 17, 2017. (Doc. 11-6). McInvale did not apply for rehearing in the Alabama Court of Criminal Appeals. Nor did he file a petition for writ of certiorari in the Alabama Supreme Court. Accordingly, his convictions became final for purposes of § 2244(d)(1)(A) on the date that his time for filing an application for rehearing in the Alabama Court of Criminal Appeals expired. *Kister*, 2021 WL 5411213, at *3; *Harvey v. Price*, 2018 WL 2731232, at *2 (N.D. Ala. Apr. 26, 2018). That date was 14 days after the Alabama Court of Criminal Appeals issued its March 17, 2017 memorandum opinion affirming the convictions, *i.e.*, March 31, 2017. *See* Ala. R. App. P. 40(c). Therefore, absent some effective tolling event, McInvale had until March 31, 2018 to file a petition under § 2254.

## 2. Statutory Tolling: 28 U.S.C. § 2244(d)(2)

Pursuant to 28 U.S.C. § 2244(d)(2), the one-year limitation period is tolled during the pendency of a properly filed state court petition. *See* 28 U.S.C. § 2244(d)(2). As recounted above, McInvale filed his first Rule 32 petition in the state trial court on April 25, 2017—25 days into the one-year AEDPA limitation period.[5] Under § 2244(d)(2), that filing tolled the federal limitation period. After the trial court denied the Rule 32 petition, McInvale appealed. The Alabama Court of Criminal Appeals dismissed the appeal on December 28, 2017 due to McInvale's failure to file an appellate brief. With the conclusion of those proceedings, the AEDPA limitation period began to run again, with 340 days (365 days less the already expired 25 days) remaining on the federal clock.[6]

Two hundred and forty-five days later, on August 30, 2018, McInvale filed a second Rule 32 petition in the trial court, creating a new tolling event under § 2244(d)(2). At that point, 95 days (343 days minus the 245 newly expired days) remained on the federal clock. After the trial court denied the second Rule 32 petition, McInvale appealed, and the Alabama Court of Criminal Appeals affirmed on May 17, 2019. (Doc. 11-12). The proceedings on the second Rule 32 petition became final on July 8, 2019, *i.e.*, the deadline for McInvale to file an application for rehearing after being granted an extension to do so by the Alabama Court of Criminal Appeals. *Kister*, 2021 WL 5411213, at *3. With the conclusion of the Rule 32 proceedings, AEDPA's

---

[5] From March 31, 2017, to April 25, 2017.

[6] Section 2244(d)(2) operates as a "stop-start" provision that requires a court to consider any time during which no state action is pending. *Moore v. Crosby*, 321 F.3d 1377, 1381 (11th Cir. 2003) ("While a 'properly filed' application for post-conviction relief tolls the statute of limitations, it does not reset or restart the statute of limitations."); *Tinker v. Moore*, 255 F.3d 1331, 1333 1335. n.4 (11th Cir. 2001) ("[A] properly filed petition in state court only tolls the time remaining within the federal limitation period.").

6

statute of limitations began to run again.  With no further tolling events occurring, the limitations period expired 95 days later on October 11, 2019.  *See* 28 U.S.C. § 2244(d)(1)(A).

McInvale sets forth no facts to show a tolling event under 28 U.S.C. § 2244(d)(1)(B), (C), or (D).  He has not shown that an unlawful state action impeded him from filing a timely § 2254 petition, or that his claims are based on a right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review, or that the facts supporting his claims could not have been discovered earlier by exercising due diligence.  Thus, the AEDPA limitation period expired on October 11, 2019, and McInvale's July 29, 2020 filing was late by 292 days.

### B. Equitable Tolling

The one-year limitation period under the AEDPA alternatively can be tolled on an equitable basis in circumstances where a petitioner submits an untimely filing "because of extraordinary circumstances that are both beyond his control and unavoidable with diligence."  *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).  However, "equitable tolling is an extraordinary remedy, ... limited to rare and exceptional circumstances and typically applied sparingly."  *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009).  The United States Supreme Court has held that a petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  *Holland v. Florida*, 560 U.S. 631, 649 (2010).  For a habeas petitioner to obtain equitable tolling, there must be a causal connection between the extraordinary circumstance and the untimely filing.  *See San Martin v. McNeil*, 633 F.3d 1257, 1267 (11th Cir. 1999); *Lawrence v. Florida*, 421 F.3d 1221, 1226–27 (11th Cir. 2005).  And

"[t]he petitioner bears the burden of showing that equitable tolling is warranted." *Hunter*, 587 F.3d at 1308.

McInvale contends that he is entitled to equitable tolling because prison officials confiscated his legal papers on May 28, 2019 during a "statewide shakedown." (Doc. 19 at pp. 2-3; Doc. 17-5 at p. 1). While McInvale is vague about the nature of the legal materials allegedly confiscated, he appears to claim that those materials included the record on appeal from the denial of his second Rule 32 petition and the appellate briefs from that proceeding. (Doc. 17-5 at p. 1; Doc. 19-4). McInvale also suggests that his lack of access to the materials prevented him from applying for rehearing in his second Rule 32 appeal—although he fails to show how it was necessary for him to have the documents to pursue rehearing, as he was a *pro se* participant and would have known any issues involved in the case. Indeed, the issues in the case were the same issues raised on direct appeal following his first *pro se* Rule 32 petition.

After missing the extended deadline for filing an application for rehearing with the Alabama Court of Criminal Appeals, McInvale waited more than a year to file his § 2254 petition. By his own account, McInvale had re-obtained possession of various legal materials by September 3, 2019 (Doc. 17-6 at p. 1), when there was still over a month left on the AEDPA clock. Moreover, McInvale makes no showing that lack of access to any records prevented him from filing a timely § 2254 petition. As noted above, the double-jeopardy claims he asserts in his § 2254 petition are the same claims asserted on direct appeal in both of his prior Rule 32 proceedings. Where a petitioner has at least constructive knowledge of the factual basis for his claims, there is no impediment to filing a federal habeas petition. *See McCleskey v. Zant*, 499 U.S. 467, 500 (1991).

Not only that, periods in which a prisoner is separated from his legal papers rarely are considered "extraordinary circumstances" for purposes of equitable tolling. *See Dodd v. United States*, 365 F.3d 1273, 1282–83 (11th Cir. 2004) (equitable tolling was not appropriate where petitioner was transferred to a different facility and detained there for over 10 months without access to his legal papers); *Daniels v. Florida*, 769 F. App'x 809, 813 (11th Cir. 2019) (petitioner's "separation from his legal materials does not constitute an extraordinary circumstance" warranting equitable tolling); *Paulcin v. McDonough*, 259 F. App'x 211, 213 (11th Cir. 2007) (petitioner's lack of access to legal papers and law library for as much as ten months of the one-year limitation period was not extraordinary, and petitioner failed to allege how lack of access thwarted his efforts to file a timely petition). In short, McInvale fails to set forth any "extraordinary circumstances" that satisfy the standards for equitable tolling. *See, e.g., Abdullah v. United States*, 2012 WL 4475730, at *3 (M.D. Ala. Jul. 20, 2012).[7]

Because McInvale has failed to establish that any extraordinary circumstances prevented him from timely filing his § 2254 petition, the doctrine of equitable tolling cannot be invoked to remedy his otherwise time-barred filing.

### III. Conclusion

For these reasons, it is the **RECOMMENDATION** of the undersigned Magistrate Judge that McInvale's § 2254 petition be **DENIED** as time-barred and that this case be **DISMISSED** with prejudice.

---

[7] Although the intentional and wrongful confiscation of a prisoner's habeas petition and related legal papers by corrections officers shortly before the filing deadline may justify equitable tolling, *see Valverde v. Stinson*, 224 F.3d 129, 133-34 (2d Cir. 2000), McInvale does not allege—much less demonstrate—that prison officials confiscated his legal papers for the purpose of obstructing the timely filing of his § 2254 petition.

It is **ORDERED** that any objections to this Recommendation must be filed by April 21, 2023. An objecting party must identify the specific portion of the factual findings or legal conclusions to which the objection is made and must describe in detail the basis for the objection. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to this Recommendation shall bar a party from a de novo determination by the District Court of any factual findings or legal conclusions contained herein and shall waive the right of the party to challenge on appeal any subsequent order that is based on factual findings and legal conclusions accepted or adopted by the District Court, except upon grounds of plain error or manifest injustice. 11th Cir. R. 3-1; *see Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

**DONE** this the 7th day of April 2023.

_____
**CHAD W. BRYAN**
**UNITED STATES MAGISTRATE JUDGE**